IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   No. CR 07-2533 BB

ALBERT NELSON, JR.,

        Defendant.

### MEMORANDUM OPINION
### AND
### ORDER ALLOWING EXPERT TESTIMONY

**THIS MATTER** is before the Court on the Government's *Motion for Daubert Ruling* [Doc. 21], and the Court having heard evidence on October 1, 2008, and April 13, 2009, finds Stephanie C. Stronks Knapp, LCSW, qualified to testify and express opinions under FEDERAL RULE OF EVIDENCE 702 on the prevalence of delayed disclosure of child sexual abuse.

### *Discussion*

Absolute certainty is not required for admission of expert testimony under FEDERAL RULE OF EVIDENCE 702. *United States v. Mornan*, 413 F.3d 372, 381 (3d Cir. 2005). While it is admittedly true, it is impossible to establish an empirical error rate for delayed reporting of childhood sexual abuse; this is merely one factor and is often absent in the social science fields. *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 43

F.3d 1311, 1317 n. 4 (9th Cir. 1995) (on remand); *A Woman's Choice - East Side Women's Clinic v. Newman*, 904 F. Supp. 1434, 1459 (S.D. Ind. 1995). *See generally Admissibility of Expert Testimony on Child Sexual Abuse Accommodation Syndrome (CSAAS) in Criminal Cases*, 85 A.L.R. 5th 595 (2001). Expert witnesses routinely rely on not only published studies but their own experience. *United States v. Lundy*, 809 F.2d 392, 394 (7th Cir. 1987); *Farris v. Intel*, 493 F. Supp. 2d 1174, 1183 (D.N.M. 2007). And there can be no doubt Ms. Knapp has done extensive research and had substantial personal experience in the area of delayed reporting of childhood sexual assault and is qualified by knowledge, skill, training, and experience to testify as an expert in this area. *See State v. Tibor*, 738 N.W.2d 492 (N.D. 2007); *State v. Thompson*, 799 A.2d 1126 (Conn. App. 2002).

## O R D E R

If Defendant challenges the prosecution's theory based on the alleged victim's delay in reporting the allegations, Ms. Knapp will be allowed to testify generally that delayed reporting of childhood sexual assault is not uncommon.

SO ORDERED this 21st day of April, 2009.

                                                                    _____
                                                                    **BRUCE D. BLACK**
                                                                    **United States District Judge**